UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD FRANK BARTLINSKI and JANET M. HANNEY, <br><br> Plaintiffs, <br><br> v. <br><br> TOWNSHIP OF BRICKTOWN, <br><br> Defendant. | Civ. Action No.: 16-8928-BRM-LHG <br><br><br> **MEMORANDUM ORDER** |

**THIS MATTER** is opened to the Court by Plaintiffs Richard Frank Bartlinski ("Bartlinski") and Janet M. Hanney ("Hanney") (collectively, "Plaintiffs") by way of an Amended Complaint (Dkt. No. 3) and a renewed application to proceed *in forma pauperis* (Dkt. No. 3-2), pursuant to 28 U.S.C. § 1915. The Court has *sua sponte* screened Plaintiffs' Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, the Court **GRANTS** Plaintiffs' application for leave to proceed *in forma pauperis*, but **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Amended Complaint for failure to state a claim for which relief can be granted.

On December 1, 2016, Plaintiffs filed a Complaint, which appeared to seek the enforcement of a state court order and/or judgment against Defendant Township of Bricktown ("Bricktown") for damages arising from an allegedly "unwarranted stop work order on [Plaintiffs'] home." (Dkt. No. 1 at 3.) On December 5, 2016, the Court dismissed without prejudice the Complaint for lack of subject-matter jurisdiction and denied without prejudice Plaintiffs' *in forma pauperis* application as moot. (Dkt. No. 2). However, the Court granted Plaintiffs leave to file an

1

Amended Complaint, to the extent they were able to plead facts that would show that the Court has subject-matter jurisdiction over their claims. (*Id.*)

On December 6, 2016, Plaintiffs filed an Amended Complaint (Dkt. No. 3) and a renewed application to proceed *in forma pauperis* (Dkt. No. 3-2). In the Amended Complaint, Plaintiffs allege the U.S. Department of Housing and Urban Development ("HUD") provided Bricktown with federal grant money, through the HOME Investments Partnerships Program ("HOME"), to support the construction and rehabilitation of housing for low-income families. (Dkt. No. 3 at 5.) According to Plaintiffs, Bricktown used this federal grant money to finance a $118,000 lien, which was used to reconstruct Plaintiffs' home. (*Id.*) However, Plaintiffs allege that the contractors hired by Bricktown to work on Plaintiff's home did a substandard job, which created structural issues that rendered the building uninhabitable. (*Id.*) Plaintiffs seek to bring claims against Bricktown for misuse of federal grants, in violation of federal law. (*Id.*) Because Plaintiffs now assert claims pursuant to federal law, the Court is satisfied that there is federal subject-matter jurisdiction over this case. *See* 28 U.S.C. § 1331 (federal courts have subject-matter jurisdiction over cases involving an alleged violation of a federal statute, the United States Constitution, or federal law).

In support of their application to proceed *in forma pauperis*, Plaintiffs submitted an affidavit setting forth their financial status. (Dkt. No. 3-2.) Plaintiffs assert they have few assets and do not have a regular source of income. (*Id.*) Based on this affidavit, the Court finds that Plaintiffs have shown sufficient economic disadvantage, and grants Plaintiffs' application to proceed *in forma pauperis*.

Under 28 U.S.C. § 1915(e)(2)(B), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*. This statute directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief

2

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal, because Plaintiffs have been granted *in forma pauperis* status. *Id*.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F. 3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F. 3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F. 3d 239, 245 (3d Cir. 2013) (italics added).

Although Plaintiffs do not expressly cite to any federal statutes in their Amended Complaint, their claims appear to arise from allegations that Bricktown misused federal funds issued to it through HOME. HOME funding is authorized by Title II of the Cranston-Gonzalez National Affordable Housing Act ("NAHA"), as amended, 42 U.S.C. § 12701, *et seq.*, and the regulations promulgated thereunder at 24 C.F.R. § 92.1 *et seq.* Importantly, however, the NAHA does not create a private right of action for the misuse of HOME funds. *Oti Kaga, Inc. v. S.D. Hous. Dev. Auth.*, 188 F. Supp. 2d 1148, 1166 (D.S.D. 2002) *aff'd*, 342 F.3d 871, 884 (8th Cir. 2003). Thus, even if Plaintiffs have alleged a violation of the NAHA, this is not a claim on which they may be granted relief in a private civil suit. Accordingly, the Amended Complaint must be dismissed without prejudice for failure to state a claim.

On December 9, 2016, Plaintiffs also filed a letter, which newly alleges that the officials of Bricktown have engaged in a conspiracy to burn down Plaintiffs' home to hide evidence of Bricktown's misuse of federal funds and threatened to kill Bartlinski if he "didn't stop complaining about what's going on." (Dkt. No. 4.) Plaintiffs do not indicate in their letter if the seek to amend the Amended Complaint to add these allegations, but regardless, Plaintiffs may not amend their pleadings in this manner. Consequently, the Court does not consider the sufficiency of these allegations in this Memorandum Order. However, Plaintiffs are given leave to file a second Amended Complaint asserting a new federal cause of action, based on these allegations

Accordingly, for the reasons set forth herein and for good cause shown,

**IT IS** on this 13th day of December, 2016,

**ORDERED** that the Clerk of the Court shall reopen this matter for the purposes of this Memorandum Order only; it is

**FURTHER ORDERED** that Plaintiffs' application to proceed *in forma pauperis* is **GRANTED**, Plaintiffs are permitted to proceed without prepayment of fees or costs or security, in accordance with 28 U.S.C. § 1915(a); it is

**FURTHER ORDERED** that the Clerk shall file the Amended Complaint without prepayment of the filing fee; it is

**FURTHER ORDERED** that the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief can be granted; it is

**FURTHER ORDERED** that this case be marked **CLOSED**; and it is

**FURTHER ORDERED** that Plaintiffs are granted leave to file a second Amended Complaint, in conformance with this Memorandum Order, by January 27, 2017, upon which filing the case shall be reopened.

*/s/ Brian R. Martinotti*_____
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**