<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD FRANK BARTLINSKI and JANET M. HANNEY, | |
| Plaintiffs, | Civ. Action No.: 16-8928-BRM-LHG |
| v. | **MEMORANDUM OPINION** |
| TOWNSHIP OF BRICKTOWN, | |
| Defendant. | |

Before this Court is *pro se* Plaintiffs Richard Frank Bartlinski ("Bartlinski") and Janet M. Hanney's ("Hanney") (collectively, "Plaintiffs") Second Amended Complaint (ECF No. 6). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court has *sua sponte* screened Plaintiffs' Second Amended Complaint. For the reasons set forth below, the Second Amended Complaint is **DISMISSED** for failure to state a claim for which relief can be granted.

On December 1, 2016, Plaintiffs filed a Complaint, which appeared to seek the enforcement of a state court order and/or judgment against Defendant Township of Bricktown ("Bricktown") for damages arising from an allegedly "unwarranted stop work order on [Plaintiffs'] home." (ECF No. 1 at 3.) On December 5, 2016, this Court dismissed the Complaint, without prejudice, for lack of subject matter jurisdiction and denied Plaintiffs' *in forma pauperis* application, without prejudice, as moot. (ECF No. 2). However, the Court granted Plaintiffs leave to file an Amended Complaint, to the extent they were able to plead facts which would establish the Court has subject matter jurisdiction over their claims. (*Id.*)

On December 6, 2016, Plaintiffs filed the First Amended Complaint (ECF No. 3) and a renewed application to proceed *in forma pauperis* (ECF No. 3-2). In the First Amended Complaint, Plaintiffs alleged the U.S. Department of Housing and Urban Development ("HUD") provided Bricktown with federal grant money, through the HOME Investments Partnerships Program ("HOME"), to support the construction and rehabilitation of housing for low-income families. (ECF No. 3 at 5.) According to Plaintiffs, Bricktown used this federal grant money to finance a $118,000 lien to reconstruct Plaintiffs' home. (*Id.*) However, Plaintiffs alleged the contractors hired by Bricktown to work on Plaintiffs' home did a substandard job, which created structural issues rendering the building uninhabitable. (*Id.*) Plaintiffs sought to bring claims against Bricktown for misuse of federal grants, in violation of federal law. (*Id.*)

In a Memorandum Order, dated December 13, 2016, this Court determined because Plaintiffs were now asserting claims pursuant to federal law, the Court had federal subject matter jurisdiction over this case. (ECF No. 5 at 2); *see* 28 U.S.C. § 1331 (federal courts have subject matter jurisdiction over cases involving an alleged violation of a federal statute, the United States Constitution, or federal law). After a review of Plaintiffs' application to proceed *in forma pauperis* and the accompanying affidavit, the Court granted Plaintiffs *in forma pauperis* status. (ECF No. 5 at 2.)

Because Plaintiffs are proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must review their complaint and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."

*Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F. 3d 220, 223 (3d Cir. 2000)). In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F. 3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F. 3d 239, 245 (3d Cir. 2013) (italics added).

Accordingly, having reviewed the First Amended Complaint, in the December 13, 2016 Memorandum Order, this Court dismissed all of Plaintiffs' claims because:

> Although Plaintiffs do not expressly cite to any federal statutes in their [First] Amended Complaint, their claims appear to arise from allegations that Bricktown misused federal funds issued to it through HOME. HOME funding is authorized by Title II of the Cranston-Gonzalez National Affordable Housing Act ("NAHA"), as amended, 42 U.S.C. § 12701, *et seq.*, and the regulations promulgated thereunder at 24 C.F.R. § 92.1 *et seq.* Importantly, however, the NAHA does not create a private right of action for the misuse of HOME funds. *Oti Kaga, Inc. v. S.D. Hous. Dev. Auth.*, 188 F. Supp. 2d 1148, 1166 (D.S.D. 2002) *aff'd*, 342 F.3d 871, 884 (8th Cir. 2003). Thus, even if Plaintiffs have alleged a violation of

> the NAHA, this is not a claim on which they may be granted relief
> in a private civil suit.

(ECF No. 5 at 4.)

Additionally, the Court observed in the December 13, 2016 Memorandum Order that on December 9, 2016, Plaintiffs filed a letter, which for the first time alleged the officials of Bricktown had engaged in a conspiracy to burn down Plaintiffs' home to hide evidence of Bricktown's misuse of federal funds and had threatened to kill Bartlinski if he "didn't stop complaining about what's going on." (ECF. No. 4; ECF No. 5 at 4.) Plaintiffs did not indicate in their letter if they sought to amend the First Amended Complaint to add these allegations. (ECF No. 4.) Regardless, the Court found Plaintiffs may not amend their pleadings in this manner. (ECF No. 5 at 4.) Consequently, the Court did not consider the sufficiency of these allegations in the December 13, 2016 Memorandum Order. (*Id.*) Instead, the Court gave Plaintiffs leave to, by January 27, 2017, file a Second Amended Complaint asserting a new federal cause of action based on these allegations. (*Id.* at 4-5.)

On January 27, 2017, Plaintiffs timely filed a Second Amended Complain. (ECF No. 6.) However, rather than alleging new facts, the Second Amended Complaint is a verbatim copy of the Complaint Plaintiffs' originally filed in this matter. The Court now screens the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

In the Second Amended Complaint, Plaintiffs plead only the following facts:

> The Town Building Official Placed a [sic] unwarranted stop work order on our home. In 2011 Danny Newman By [sic] the time it was heard in appeals the home was Destroyed [sic]. We won in the hearing But [sic] the town will not let us recover.

(ECF No. 6 at 3.) Because Plaintiffs have not plead any new facts, the Second Amended Complaint fails to state a claim for the same reasons the original Complaint and First Amended Complaint

failed to state a claim. (*See* ECF No. 2; ECF No. 5.) The Court incorporates by reference the reasoning set forth in the December 5, 2016 and December 13, 2016 Orders. (*See* ECF No. 2; ECF No. 5.) Accordingly, the Second Amended Complaint is **DISMISSED**. An appropriate Order will follow.

**Date: February 28, 2017**                                  */s/ Brian R. Martinotti*
                                                             **HON. BRIAN R. MARTINOTTI**
                                                             **UNITED STATES DISTRICT JUDGE**